# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. ANDREW HELTON

**Appeal from the Criminal Court for Davidson County**
**No. 98B1052**

---

**No. M2012-00250-CCA-R3-CD - Filed September 12, 2012**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Appellant, Andrew Helton, has appealed the Davidson County Criminal Court order dismissing his motion for new trial in which Appellant alleged that: (1) the trial court erred by denying Appellant the right to be present at his trial; (2) the trial court erred by failing to instruct the jury on all lesser included offenses; and (3) the trial court erred by failing to allow the jury to examine evidence during deliberation. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the motion for new trial as duplicitous and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Andrew Helton, Pro Se, Only Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Appellant was convicted of one count of first degree murder and one count of second degree murder in 1999. As a result, Appellant was sentence to life imprisonment for first degree murder and twenty-three years for second degree murder. Appellant appealed arguing

that the evidence presented at trial was insufficient to sustain his convictions and that the trial court erred in admitting certain crime scene and autopsy photographs into evidence. This Court affirmed Appellant's convictions on direct appeal. *State v. Andrew Charles Helton*, No. M1999-01405-CCA-R3-CD, 2000 WL 1520018, at *1 (Tenn. Crim. App., at Nashville, Oct. 13, 2000), *perm. app. denied*, (Tenn. Apr. 24, 2001).

Subsequently, Appellant sought post-conviction relief on the basis of ineffective assistance of counsel, among other things. *See Andrew Charles Helton v. State*, No. M2004-01015-CCA-R3-PC, 2005 WL 1303123, at *1 (Tenn. Crim. App., at Nashville, May 31, 2005), *perm. app. denied*, (Tenn. Oct. 17, 2005). This Court affirmed the dismissal of the petition for post-conviction relief. *Id.* at *8.

Appellant then sought relief via the writ of habeas corpus, arguing that "[t]he trial court committed reversible error by violati[ng] rule 30.01 of the Tennessee Rules of Criminal Procedure when it prohibited the jury from taking an exhibit into the jury room that had been received into evidence" violating his right to due process. He also argued that because the trial court violated his right to due process, it lost jurisdiction over his case and his judgment of conviction was void. *Andrew Helton v. State*, No. M2010-02449-CCA-R3-HC, 2011 WL 2176510, at *1 (Tenn. Crim. App., at Nashville, May 31, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). This Court affirmed the dismissal of the habeas petition on the basis that the face of the judgments did not show that Appellant's convictions were void or his sentence had expired. *Id.*

The procedural history following the denial of habeas relief is not entirely clear from the record on appeal. In the technical record it appears that on December 2, 2011, Appellant filed a motion for new trial in Davidson County. In that motion, Appellant claims that the judgment was ordered to be "remanded back [by the Circuit Court of Hickman County] . . . to be rendered void for being an illegal sentence on November 8th, 2011, and to enter a legal sentence against [Appellant]." Appellant also presented various allegations of error by the trial court during the trial. The alleged order issued by the Hickman County Circuit Court does not appear in the technical record. It appears on appeal as an attachment to the State's motion for affirmance under Rule 20.

The technical record also contains a "corrected judgment" form for first degree murder that "includes pre-trial jail credit which the original judgment did not." It is dated December 2, 2011.

The trial court issued an order filed on December 7, 2011, denying the motion for new trial. The trial court noted that "the original motion for new trial was denied by the court"

on July 16, 1999. Further, the trial court order states that "[n]o authority exists to provide defendants multiple motions for new trial. It is from this order that Appellant appeals.

*Analysis*

At the outset, we note that Appellant filed a motion in this Court to supplement the record on appeal to include the trial transcript, the post-conviction hearing transcript, the post-conviction technical record, the ruling of the Hickman County Circuit Court, and the corrected judgment entered in Davidson County. The motion was denied. As we noted in our order, this Court may take judicial notice of its own records.

Further, it is not necessary for this Court to review the ruling of the Hickman County Circuit Court. The rules of criminal procedure contemplate the filing of one motion for new trial. *See* Tenn. R. Crim. P. 33. Appellant obviously filed a motion for new trial within thirty days of his convictions for first and second degree murder prior to seeking an appeal. Further, Appellant herein cites no authority which would grant him the right to file a second motion for new trial and this Court is unaware of any such authority. Consequently, the trial court properly denied the motion as untimely. Appellant is not entitled to relief on this issue.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-3-